UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-2(c)

Jonathan Schwalb, Esq.
Friedman Vartolo LLP
85 Broad Street, Suite 501
New York, New York 10004
Attorney for BSI Financial Services as servicer for
U.S. Bank Trust National Association, as Trustee of the
Igloo Series III Trust

P: (212) 471-5100
Bankruptcy@FriedmanVartolo.com

IN RE:

Peter J Campisi

Debtor(s)

Order Filed on November 29, 2018
by Clerk
U.S. Bankruptcy Court
District of New Jersey

Judge: Christine M. Gravelle
Chapter 13
Hearing: November 19,
2018 Case No.: 18-23793

## CONSENT ORDER RESOLVING OBJECTION TO CONFIRMATION

The consent order set forth on the following pages, numbered two (2) through three (3), is hereby **ORDERED**.

**DATED: November 29, 2018**

Honorable Christine M. Gravelle
United States Bankruptcy Judge

THIS MATTER having been brought before the Court by Yakov Rudikh, attorney for the Debtor, Peter J Campisi ("Debtor"), upon the filing of a Chapter 13 Plan, and BSI Financial Services as servicer for U.S. Bank Trust National Association, as Trustee of the Igloo Series III Trust, ("Secured Creditor"), by and through its attorneys, Friedman Vartolo, LLP., having filed an Objection to the Confirmation of said Chapter 13 Plan, and the parties having subsequently resolved their differences; and the Court noting the consent of the parties to the form, substance and entry of the within Order; and for good cause shown;

**IT IS HEREBY ORDERED** as follows:

1. Debtor is required to file a request with the Court to participate in the Court's Loss Mitigation Program within seven (7) days of the date of this order.

2. The Trustee is authorized not to pay the secured arrearage claim of Secured Creditor so that Debtor can apply for, and potentially complete, a loan modification. Debtor's loan modification shall be approved no later than December 31, 2018.

3. If the loan modification is granted, Debtor shall file a Modified Plan, together with amended Schedule "J" reflecting Debtor's post loan modification budget, within thirty (30) days of approval of final loan modification.

4. If no loan modification is approved by December 31, 2018 (or other date as extended by court order), Secured Creditor will promptly notify the Trustee, with copy to Debtor's attorney, and within thirty (30) days of such notification, the Debtor shall file one of the following or the case will be dismissed:

    a. A Modified Plan to cure the arrearage claim and any subsequent arrears to Secured Creditor; or a
    b. Modified Plan to surrender the property subject to said claim; or a
    c. Notice to Convert to Chapter 7; or a
    d. Notice to Dismiss the Case.

5. Debtor's consent to entry of the within order does not waive his/her right to object to Secured Creditor's Proof of Claim pursuant to D.N.J. Local Bankruptcy Rule 3007-1(b).

6. Debtor acknowledges that the monthly post-petition mortgage payment is subject to change in accordance with the terms of the note and mortgage. Furthermore, post-petition payments / trial period payments (if applicable) shall continue to be tendered outside the plan while the loan modification process is pending.

7. This Order shall be incorporated in and become part of any Order Confirming Plan in the herein matter.

The undersigned hereby consent to the form,
content and entry of the within Order:

| | |
|---|---|
| _____ | ___/s/ Jonathan Schwalb___ |
| Yakov Rudikh, Esq. | Jonathan Schwab, Esq. |
| Attorney for the Debtor, | Attorney for Secured Creditor |